1  DANIEL S. SILVERMAN (State Bar No. 137864)
   dsilverman@roll.com
2  JOIE MARIE GALLO (State Bar No. 178064)
   jgallo@roll.com
3  DANIEL A. BECK (State Bar No. 204496)
   dbeck@roll.com
4  ROLL INTERNATIONAL CORPORATION – LEGAL DEPARTMENT
5  11444 W. Olympic Boulevard, 10th Floor
   Los Angeles, California 90064-1557
6  Telephone: 310-966-5700
7  Facsimile: 310-966-5758

8  Attorneys for Plaintiff
   POM WONDERFUL LLC
9

10  RICK L. SHACKELFORD (SBN 151262)
    shackelfordr@gtlaw.com
11  GREENBERG TRAURIG LLP
    2450 Colorado Avenue, Suite 400 East
12  Santa Monica, California 90404
    Telephone: 310-586-3878
13  Facsimile:  310-586-1378

14  Attorneys for Defendant
15  Tropicana Products, Inc.

16              UNITED STATES DISTRICT COURT

17            CENTRAL DISTRICT OF CALIFORNIA

18  POM WONDERFUL LLC, a            )   Case No. 2:09-CV-00566 DSF (CTx)
    Delaware limited liability company,  )
19                                  )   [PROPOSED] PROTECTIVE
                                    )   ORDER (AS MODIFIED BY THE COURT)
20              Plaintiff,          )   for Nisovang (1)
                                    )
21      vs.                         )   Judge:   Hon. Dale S. Fischer
                                    )
22  TROPICANA PRODUCTS, INC., a     )   Magistrate Judge:  Hon. Carolyn
    Delaware corporation; and DOES 1- )   Turchin
23  10, inclusive                   )
                                    )
24              Defendants.         )
                                    )
25                                  )
26  _____   )

27

28

{032426.5}                                      [PROPOSED] PROTECTIVE ORDER

The parties have stipulated to a Protective Order as follows:

### A.   LIMITED SCOPE OF ORDER

1.   In the above-captioned action (the "Action"), the parties expect to exchange confidential and highly confidential information regarding their respective products that are the subject of this Action.  The parties have stipulated to the entry of this protective order (the "Order") governing the exchange and use of confidential and highly confidential documents and information in discovery.  This Order does not govern or restrict the use of any document or information (including information designated as "Confidential" or "Highly Confidential" under this Order) at trial in any manner whatsoever.  When and if the case proceeds to trial, all of the documents and information to be used at trial will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial.

2.   Further, this Order does not affect the burden of proof that must be met by a party seeking to protect confidential documents or information that is filed in the court records in this case.  A party seeking to protect information to be filed in the public records must prove that the documents or information meets the standards set forth in *Pintos v. Pacific Creditors Association*, 565 F.3d 1106 (9th Cir. 2009) and other relevant authority.  In meeting that burden, a party may not rely on its own designation of material as "Confidential" or "Highly Confidential" under this Order.

3.   Nothing in this order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from the use or disclosure of information that is publicly known.  Further, nothing in this Order restricts the ability of any party to use or disclose its own confidential material as it deems appropriate.

/ / /

{032426.5}                           1                [PROPOSED] PROTECTIVE ORDER

**B.   GOOD CAUSE STATEMENT**

4.    In discovery in this Lanham Act case, the parties will be required to exchange competitively sensitive information about the opposing parties' business activities to which they and third parties would not otherwise have access, including information regarding the parties' forward-looking plans and strategies, and analyses of competitive markets.  Allowing the parties or third parties to use such competitively sensitive information would cause harm to the competitive position of the disclosing party.  The parties seek the entry of this order to prevent the unauthorized use or dissemination of confidential information produced in discovery during this Action.

5.    No document, information or thing shall be designated "Confidential" or "Highly Confidential" unless good cause exists for such designation under the standards set forth in *Pintos v. Pacific Creditors Association,* 565 F.3d 1106 (9th Cir. 2009) and other relevant authority.  Good cause exists for the designation of information as "Highly Confidential" when it the information has not been made public and falls into one of the following categories:

(a)    confidential future business, marketing or sales plans, including specific business plans, strategies and projections, future marketing plans and strategies, future sales plans and strategies, forward-looking pricing strategies; the development of new product concepts, extensions of existing product lines, and other similar forward-looking information that is kept confidential by the party.

(b)    specific financial information at a level of detail beyond that disclosed in sources available to the public.

(c)    results of research, studies or other complex analyses that the parties expended money to develop or obtain and that would be useful to current or potential competitors.  This category includes, among other things, consumer research studies that the parties commissioned at considerable expense from third

/ / /

1  parties, complex market analyses provided by third parties under contracts with

2  non-disclosure clauses, and analyses of other competitors in the market.

3      (d) terms of contracts with the companies' suppliers or

4  customers that could be used by current or potential competitors in their own

5  negotiations with suppliers or customers.

6      (e) specific proprietary product formulas or proprietary

7  manufacturing processes.

8      (f) product concepts in development that have not been

9  launched into the market.

10     6. Good cause exists for the designation of information as

11  "Confidential" when the information has not been revealed to the public and the

12  information falls into one of the following categories:

13      (a) the information is contained in a document or is presented

14  in a form that, when analyzed in conjunction with other information produced in the

15  Action, would reveal information in categories set forth in paragraph 5(a) to (e)

16  above;

17      (b) private information about any officer, employee or other

18  individual;

19      (c) commercially sensitive information regarding the

20  development, production, marketing, branding, sales or promotion of the entity's

21  products or finances, the disclosure of which would have the effect of causing harm

22  to the competitive position of the person or entity from which the information is

23  obtained.

24     7. The parties shall use reasonable efforts to minimize the amount

25  of material designated as "Confidential" or "Highly Confidential."

26     8. This Order applies to such "Confidential" and "Highly

27  Confidential" information furnished in this litigation regardless of the form in

28  which it is transmitted and regardless whether the information is furnished by a

{032426.5}       3     [PROPOSED] PROTECTIVE ORDER

1 party or third party. Such information may be contained in documents, written

2 discovery responses, declarations, deposition testimony, exhibits, and other

3 materials or testimony provided by any party or third party during this Action.

4 Such materials are collectively referred to as "Discovery Materials" in this Order.

5      **C.**    **PROCEDURE FOR DESIGNATION**

6      9.    "Designating Party" may designate Discovery Materials

7 "Confidential" or "Highly Confidential" meeting the standards set forth in

8 paragraphs 6 and 7 by taking the following actions:

9      (a)    With respect to documents, discovery responses or other

10 written materials furnished by the Designating Party in paper, as .tiff images, or in

11 any other form in which it is possible to add a legend to each page, the Designating

12 Party may designate the material "Confidential" by stamping, inscribing or

13 otherwise marking or designating on each page of a document containing

14 Confidential Information the words "**CONFIDENTIAL, SUBJECT TO**

15 **PROTECTIVE ORDER."** The Designating Party may designate the material

16 "Highly Confidential" by marking each page of the document with the words

17 "**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO**

18 **PROTECTIVE ORDER."** Electronic documents produced as .tiff images shall be

19 marked in accordance with this paragraph 9(a).

20      (b)    With respect to "Confidential" or "Highly Confidential

21 Information" furnished by the Designating Party in a non-paper medium, including,

22 without limitation, video or audio tape, computer discs, CD-ROMs, and DVDs,

23 etc., the Designating Party may designate all information therein as "Confidential"

24 or "Highly Confidential" by affixing the appropriate legend to the outside of the

25 medium or container.

26      10.    With respect to deposition testimony or other oral testimony to

27 be recorded in a written transcript, the Designating Party may designate information

28 as "Confidential" or "Highly Confidential" by making a statement on the record to

1    that effect during the deposition or proceeding at issue.  The court reporter shall

2    separately bind the designated portion of the deposition transcript and all designated

3    exhibits.  The separately bound deposition material shall be marked in accordance

4    with its designation, as either "CONFIDENTIAL, SUBJECT TO A PROTECTIVE

5    ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY,

6    SUBJECT TO A PROTECTIVE ORDER."  Alternatively, the Designating Party

7    may, within a reasonable time after the deposition transcript is delivered to the

8    Designating Party, provide to all counsel written notice identifying the specific

9    portion (by page and line numbers) that the Designating Party seeks to protect, and

10   all parties to the litigation will mark the pages with the appropriate legends.

11   **D.    USE AND DISCLOSURE OF DESIGNATED MATERIAL**

12          11.    Information and materials designated "Confidential" or "Highly

13   Confidential" shall be used only for prosecuting or defending this Action, except

14   that a party may use its own "Confidential" or "Highly Confidential Information"

15   for whatever purposes it chooses.  A party using, disseminating or distributing

16   "Confidential" or "Highly Confidential Information" for any purpose other than for

17   use in connection with this Action may be subject to sanctions (including, without

18   limitation, monetary, evidentiary or terminating sanctions, in the Court's

19   discretion), as well as being potentially subject to any disciplinary or other

20   applicable legal proceedings.

21          12.    Information and materials designated "**CONFIDENTIAL,**

22   **SUBJECT TO A PROTECTIVE ORDER**" may only be disclosed to the

23   following individuals:

24                 (a)    The recipient party and officers, directors and/or

25   employees of the recipient party who have direct responsibility for assisting such

26   counsel in the preparation and trial of the action;

27   / / /

28   / / /

1           (b)     Counsel representing the parties in the Action, and

2  paralegal and clerical staff (whether employees or independent contractors) who are

3  assisting in this litigation;

4           (c)     Court staff, court reporters and videographers involved in

5  this litigation;

6           (d)     Independent consultants or experts retained by any party

7  in this case who are expected to testify at trial or employed by counsel in order to

8  assist in preparation for trial or for deposition, so long as they sign a statement

9  agreeing to abide by the terms of this Order, in the form set forth in Exhibit A;

10           (e)     Third-party witnesses during the course of their

11  depositions and otherwise provided that (1) the third party or witness previously

12  created, generated or received the Discovery Material before the Action

13  commenced; or (2) before disclosure of the "Confidential Information" counsel for

14  the parties agree the "Confidential Information" may be shown to the deponent; or

15  (3) the Court has determined that the "Confidential Information" may be shown to

16  the deponent in ruling on a party's objection pursuant to Central District Local Rule

17  37. Unless the third party or witness previously created, generated or received the

18  Discovery Material, a third-party witness shall not be shown the Discovery Material

19  unless or until the witness signs a statement agreeing to abide by the terms of this

20  order, in the form set forth in Exhibit A. This requirement for party agreement or

21  Court determination does not apply to expert witnesses or consultants.

22           13.     Information and materials designated **"HIGHLY**

23  **CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO A**

24  **PROTECTIVE ORDER"** may only be disclosed to:

25           (a)     Outside Counsel representing the parties in the Action,

26  and paralegal and clerical staff (whether employees or independent contractors)

27  who are assisting in this litigation;

28  ///

1        (b)    Litigation counsel employed directly by the parties and
2   representing the parties in the Action, so long as the counsel provides the opposing
3   counsel with a declaration under penalty of perjury in the form of Exhibit B that
4   counsel has not, does not, and does not anticipate having any involvement
5   whatsoever in the parties' competitive or business decision making, including but
6   not limited to decisions regarding contracts, marketing, employment, pricing,
7   product design, product research or development, and has not, does not, and does
8   not anticipate providing non-legal advice to the party regarding any such decisions;
9        (c)    Paralegal or clerical staff employed directly by the parties
10  who provide support to the litigation counsel described in subparagraph (b), so long
11  as the staff member has not, does not, and does not anticipate having any role
12  whatsoever in supporting or assisting any person with any involvement whatsoever
13  in the parties' business decision making, including but not limited to decisions
14  regarding contracts, marketing, employment, pricing, product development,
15  competition or other business decisions;
16       (d)    Court staff, court reporters and videographers involved in
17  this litigation;
18       (e)    Independent consultants or experts retained by any party
19  in this case who are expected to testify at trial or employed by counsel in order to
20  assist in preparation for trial or for deposition, so long as they sign a statement
21  agreeing to abide by the terms of this order, in the form set forth in Exhibit A.
22  "Highly Confidential" information shall not be shared with an expert or consultant
23  retained by the non-designating party who has provided, is providing, or is expected
24  to provide any services to any business unit of the retaining party, unless one of the
25  three conditions set forth in subparagraph (f) is met.
26       (f)    Party or third-party witnesses during the course of their
27  depositions and otherwise provided that (1) the third party or witness previously
28  created, generated or received the Discovery Material before the Action

1   commenced; or (2) before disclosure of the "Highly Confidential" information

2   counsel for the parties agree the "Highly Confidential" information may be shown

3   to the deponent; or (3) the Court has determined that the "Highly Confidential"

4   information may be shown to the deponent in ruling on a party's objection pursuant

5   to Central District Local Rule 37.  Unless the third party or witness previously

6   created, generated or received the Discovery Material, a third-party witness shall

7   not be shown the Discovey Material unless or until the witness signs a statement

8   agreeing to abide by the terms of this order, in the form set forth in Exhibit A.  This

9   requirement for party agreement or Court determination does not apply to expert

10  witnesses or consultants of the non-designating party, except for those who have

11  ever provided, are currently providing, or are expected to provide any services to

12  any business unit of the retaining party.

13          14.    No person or entity receiving "Confidential" information shall

14  discuss, disseminate, or disclose the "Confidential" information to any person or

15  entity not listed above in paragraph 12.  No person or entity receiving "Highly

16  Confidential" information shall discuss, disseminate, or disclose the "Highly

17  Confidential" information to any person or entity not listed above in paragraph 13.

18  Any person or entity receiving "Confidential" or "Highly Confidential" information

19  shall take measures available to him or her to ensure that no unauthorized person or

20  entity is able to obtain access to the "Confidential" or "Highly Confidential"

21  information.  The provisions of this paragraph, however, do not apply to the Court

22  or to Court personnel.

23          15.    Nothing in this Order affects or limits the producing party's use

24  of its own "Confidential" or "Highly Confidential" information or "Confidential" or

25  "Highly Confidential" information it has created, lawfully possessed or

26  independently generated or discovered, regardless of whether the information is

27  thereafter designated as **"CONFIDENTIAL, SUBJECT TO A PROTECTIVE**

28  / / /

{032426.5}                              8                    [PROPOSED] PROTECTIVE ORDER

1    ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY,

2    SUBJECT TO A PROTECTIVE ORDER."

3        E.    FILING OF DESIGNATED MATERIAL IN PRE-TRIAL

4               PROCEEDINGS

5               16.    The parties must comply with Local Rule 79-5 for filing

6    "Confidential" or "Highly Confidential" information with the Court in any pre-trial

7    proceeding in this action.  Such filings must be in accordance with the standards set

8    forth in Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-81 (9th Cir.

9    2006).  If a party files or seeks to file with the Court material that another party has

10   designated "Confidential" or "Highly Confidential" under this Order, the filing

11   party shall simultaneously file an application to seal the records pursuant to Local

12   Rule 79-5 that references this Order and that specifically sets forth the terms of this
     *Local Rule 37 and any other applicable rules and orders,*

13   paragraph.  In doing so, the filing party shall only seek to file under seal the portion

14   of such material that is "Confidential" or "Highly Confidential."  An application

15   which seeks to file materials under seal in proceedings before the district judge will

16   be made to the district judge.

17               17.    Within five business days after service of the application to seal

18   (or within such other time as may be ordered by the Court), the Designating Party

19   must either:  (a) inform the recipient party that it does not object to the filing of the

20   information in the public record, at which point the filing party must withdraw the

21   application; or (b) file papers in support of the application setting forth the factual

22   and legal basis for the request to seal the records.  The Designating Party bears the

23   burden of proving that the materials meet the standards for sealing the records as set

24   forth in Pintos v. Pacific Creditors Association, 565 F.3d 1106 (9th Cir. 2009) and

25   other relevant authority.  In meeting that burden, a party may not rely on its own

26   designation of material as "Confidential" or "Highly Confidential" under this

27   Order.

28   ///

{032426.5}                              9                    [PROPOSED] PROTECTIVE ORDER

## F.   CHALLENGES TO DESIGNATION

18.   A party may challenge the designation of any material as "Confidential" or "Highly Confidential" under this Order under the procedures set forth in Local Rules 37-1 through 37-4.  If the parties are unable to resolve the issue informally pursuant to 37-1, the challenging party may move for an order granting access to the information under less burdensome conditions pursuant to the procedures set forth in Local Rule 37-2 through 37-4.  In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm will result if a protective order is not granted.

19.   This Order is without waiver of or prejudice to, and specifically reserves the rights and remedies of any party to apply in writing to the Court for a determination, for good cause shown, that: (a) persons not provided for in this Order may or may not receive "Confidential" or "Highly Confidential" information; or (b) this Order be modified or vacated.  Any application for relief pursuant to this section shall be made only after reasonable efforts to meet and confer in good faith have been unsuccessful, and must comply with Local Rules 37-1 to 37-4 or other applicable rule.

## G.   SUBPOENA IN ANOTHER ACTION

20.   In the event any person, party or entity having possession, custody or control of any "Confidential" or "Highly Confidential" information receives a subpoena or other process or order to produce the "Confidential" or "Highly Confidential" information, that person or party shall promptly, within five (5) business days:

(a)   notify, in writing, the attorneys of record of the Designating Party;

(b)   notify, in writing, the attorneys of record, or other representatives if there is no attorney of record, of all persons having an interest in

1   maintaining the confidentiality of the "Confidential" or "Highly Confidential"

2   information and who are known to the recipient of the subpoena, process or order;

3               (c)   furnish all persons notified pursuant to subsections a and

4   b, above, a copy of the subpoena or other process or order; and

5               (d)   provide reasonable cooperation with respect to all

6   procedures set forth in the Order for the protection of the "Confidential" or "Highly

7   Confidential" information.

8        21.   If after receiving the notification set forth in paragraph 20 the

9   Designating Party desires to prevent or limit the requested production of

10  "Confidential" or "Highly Confidential" information, it will be the responsibility of

11  the Designating Party to move to quash or modify the subpoena, or otherwise

12  resolve the issue with the subpoenaing party.

13     **H.**   **TERM OF ORDER**

14        22.   This Order does not govern or restrict the use of any document

15  or information (including information designated as "Confidential" or "Highly

16  Confidential" under this order) at trial in any manner whatsoever.  When and if the

17  Action proceeds to trial, all of the documents and information to be used at trial will

18  be presumptively available to all members of the public, including the press, unless

19  good cause is shown to the district judge in advance of the trial.

20        23.   The designation of any information, documents, or things as

21  "Confidential" or "Highly Confidential" information pursuant to this Order shall

22  not, in and of itself, raise any inference as to the confidentiality of any information,

23  documents, exhibits, or things marked for identification purposes or introduced into

24  evidence at the trial of this litigation.  Nothing in this Order shall preclude any party

25  from seeking confidential treatment from the Court with respect to such

26  information, documents, exhibits, or things or from raising any available objections,

27  including without limitation objections concerning admissibility, materiality, and

28  privilege. The parties to this Order expressly reserve their rights to object to the

{032426.5}           11        [PROPOSED] PROTECTIVE ORDER

1   manner in which "Confidential" or "Highly Confidential" information may be used

2   in an evidentiary hearing or at trial.  Special procedures or in camera treatment, if

3   any, shall be determined in the future, in compliance with any applicable Rules and orders.

## I.   NO WAIVER

5        24.   The disclosure of "Confidential" or "Highly Confidential"

6   information pursuant to discovery or the procedures set forth in this Order shall not

7   constitute a waiver of any trade secret or any intellectual property, proprietary,

8   privacy or other rights to or in such information.

9        25.   The inadvertent disclosure of information protected by the

10  attorney-client, work product, or other applicable privilege or protection in this

11  Action shall not constitute a waiver of any valid claim of privilege.  Further, failure

12  to assert a privilege in this Action as to one document or communication shall not

13  be deemed to constitute a waiver of the privilege as to any other document or

14  communication allegedly so protected, even involving the same subject matter,

15  unless the producing party seeks to use or rely upon the privileged material in this

16  Action.  A party that discovers that it has inadvertently produced privileged

17  information shall promptly request its return.  The privileged documents together

18  with all copies thereof shall be returned forthwith to the party claiming privilege.

19  Any notes or other work product made from the documents in question (or their

20  contents) shall be returned along with the documents themselves or destroyed,

21  pursuant to paragraph 26 below.  The party claiming privilege shall thereafter

22  promptly produce a privilege log listing the documents in question and any other

23  party shall thereafter have the right to challenge the assertion of privilege by motion

24  or any other appropriate means.

25        26.   A party who receives apparently privileged materials from the

26  producing party, upon understanding that the document may be privileged or

27  contain confidential attorney work product, must act as follows:

28            (a)   Cease review of the document.

{032426.5}                              12                    [PROPOSED] PROTECTIVE ORDER

1               (b)    Immediately notify opposing counsel by phone and email

2  of the potentially privileged document, taking all reasonable measures to reach

3  opposing counsel.  The reviewer must follow such counsel's instructions regarding

4  the disposition of the material.  The reviewer must also completely refrain from

5  using the material until instruction by opposing counsel is received, which may

6  include returning the document and all copies, and removal of the document from

7  electronic databases with confirmation by the producing party.

8               (c)    Until such time that the reviewer receives instructions

9  from opposing counsel, the reviewer may not share the document or its contents

10  with other persons.  The reviewer may notify supervising attorneys that a

11  potentially privileged document may exist, without sharing its contents, and

12  otherwise advise them or receive advice from them regarding the circumstances.

13              (d)    If the producing party claims the privilege it shall

14  thereafter promptly add the document(s) in question to its privilege log and any

15  other party shall thereafter have the right to challenge the assertion of privilege by

16  motion or any other appropriate means.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

# PROTECTIVE ORDER EXHIBIT A

My name is _____.

I work for _____.

My business contact information is:

_____

_____

_____

I have read the attached Stipulated Protective Order ("Order") entered by the Court in the matter of <u>POM WONDERFUL LLC v. TROPICANA PRODUCTS, INC., et al.</u>, United States District Court, Central District of California, Case No. 2:09 CV-00566 DSF (CTx).

I understand the responsibilities and obligations the Order imposes on me regarding **"Confidential"** or **"Highly Confidential"** information I obtain in this action.

I agree to be bound by all of the provisions of the Order.

I certify that (strike the inaccurate sections of this clause, if any):

I did not receive any "Confidential" or "Highly Confidential" information before signing this Exhibit A;

I meet all requirements for receipt of information and other material designated as "Confidential" or "Highly Confidential" information, pursuant to the Order;

I am not directly employed by any party to this action;

I am not under contract with any party to this action for any purpose other than this action.

I have received a copy of the Order, including an executed copy of this Exhibit A, for my personal use and reference.

I understand that the Court in this matter has the power to enforce the Order, including but not limited to imposing penalties and/or sanctions on anyone who violates the Order.

I agree to submit to the jurisdiction of the United States District Court, Central District of California in matters relating to this Order.

Signature: _____

Date: _____

Print Name: _____

{032426.5}

A - 1

[PROPOSED] PROTECTIVE ORDER

**PROTECTIVE ORDER EXHIBIT B**
**DECLARATION OF _____**

1.    I work for Roll International Corporation as in-house litigation counsel, where I have worked since _____. Prior to that time, I was _____. In my role as in-house litigation counsel, I have responsibility for directing, overseeing, or otherwise participating in the litigation of this matter.

2.    I have not had, do not have, and do not anticipate in the future having any involvement in the business decisions of Pom Wonderful LLC ("Pom"), including decisions relating to sales, marketing, pricing, product design, product research and development, competition, employment, or any other business decision. I have not, do not, and do not anticipate in the future providing non-legal advice to Pom and its management regarding any such business decisions.

3.    I agree to abide by the terms of the Protective Order ("Order") entered in this action on _____, and I have informed management and other relevant company employees of my duties under that Order.

4.    "Highly Confidential" information produced by the opposing party or any third party in this action will be stored in a manner in which it will not be accessible to any person other than those listed in paragraph 13 of the Order. Specifically, all data stored on DVDs, CDs or external drives is password protected accessible only to those persons identified in paragraph 13 of the Order. Similarly, the Concordance database which stores the produced documents is password protected and only accessible to those persons identified in paragraph 13 of the Order. With respect to hard copy documents, there is a dedicated printer physically located on a floor containing the litigation team, which is on a different floor from the Pom business group. I am familiar with the controls that are in place to prevent disclosure to or access by any person other than those listed paragraph 13, and I will take measures available to me to enforce those controls and to ensure that they

{032426.5}

B - 1    [PROPOSED] PROTECTIVE ORDER

Case 2:09-cv-00566-DSF-CT   Document 49-2   Filed 09/15/2009   Page 17 of 18

1    remain in place, including, but not limited to asking all persons with access to the

2    "Highly Confidential" information to read the Order.

3              5.      The following company employees are providing litigation

4    support in this matter and will thus necessarily have access to "Highly

5    Confidential" material from time to time: Pica Icasiano, Sarah Fleming, Jan Henry,

6    Laura Crawford and Bruno Genovese.  None of these employees provides support

7    to any person with any involvement in the business decisions of Pom.

8         I declare under penalty of perjury under the laws of the United States that the

9    foregoing is true and correct, and that this Declaration is made on

10   _____ at _____.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{032426.5}

B - 2              [PROPOSED] PROTECTIVE ORDER

1    The Court approves the foregoing Protective Order submitted by the parties,

2  and its terms shall govern all information disclosed and documents and data

3  produced in this Action.

4    **IT IS SO ORDERED.**

5

6  Dated: _____9/16_____, 2009

    Magistrate Judge Carolyn Turchin

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28