RICK L. SHACKELFORD (SBN 151262)
shackelfordr@gtlaw.com
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California  90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendant
TROPICANA PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TROPICANA PRODUCTS, INC., a Delaware corporation; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO. CV09-00566 DSF (CTx)<br><br>**DEFENDANT TROPICANA PRODUCTS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Hon. Dale S. Fischer |

LA 128,506,519 v1 122778.010100

Defendant Tropicana Products, Inc. ("Tropicana"), by and through its counsel of record, hereby answers the Complaint ("Complaint") of Plaintiff POM Wonderful LLC ("POM") as follows:

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1. Answering paragraph 1, TROPICANA lacks information sufficient to form a belief as to the state of incorporation and principal place of business of Plaintiff, and on that basis denies each and every allegation contained therein.

2. Answering paragraph 2, TROPICANA admits that it is a Delaware corporation, but denies that its principal place of business is in Bradenton, Florida. Tropicana affirmatively avers that its principal place of business is in Chicago, Illinois.

3. Answering paragraph 3, TROPICANA lacks information sufficient to form a belief as to the knowledge of the Plaintiff, or its intent to amend the Complaint, and on that basis denies the allegations.

4. TROPICANA denies each and every allegation contained in paragraph 4.

5. Answering paragraph 5, TROPICANA admits the allegations contained therein.

6. Answering paragraph 6, TROPICANA admits that the Court has jurisdiction over Plaintiff's complaint in this action.

7. Answering paragraph 7, TROPICANA admits that venue is proper in this Court.

8. TROPICANA denies each and every allegation in paragraph 8.

9. TROPICANA denies each and every allegation in paragraph 9.

10. Answering paragraph 10, TROPICANA lacks information sufficient to form a belief as to the size and nature of Plaintiffs business, and on that basis denies each and every allegation contained therein.

11. Answering paragraph 11, TROPICANA lacks information sufficient to form a belief as to Plaintiff's business, and on that basis denies each and every allegation contained therein.

12. Answering paragraph 12, TROPICANA lacks information sufficient to form a belief as to Plaintiff's business, and on that basis denies each and every allegation contained therein.

13. Answering paragraph 13, TROPICANA lacks information sufficient to form a belief as to what unidentified "scientists" referenced in paragraph 13 have "discovered" regarding pomegranate juice, and on that basis denies each and every allegation contained therein.

14. Answering paragraph 14, TROPICANA lacks information sufficient to form a belief as to the key elements of Plaintiff's marketing campaigns, and on that basis denies each and every allegation contained therein.

15. Answering paragraph 15, TROPICANA lacks information sufficient to form a belief as to the reasons for the growth of the pomegranate juice market, Plaintiff's position in that market in terms of geography or sales, or Plaintiff's revenues, and on that basis denies each and every allegation contained therein.

16. TROPICANA denies each and every allegation in paragraph 16.

17. Answering the first sentence of paragraph 17, TROPICANA admits that sells bottled juice products under the Tropicana brand name. TROPICANA denies that it "is one of Plaintiff's primary competitors in the bottled pomegranate juice market." Except as expressly admitted, TROPICANA denies each and every allegation contained in the first sentence of paragraph 17.  TROPICANA admits the allegations contained in the second sentence of paragraph 17, except denies that it is based in Bradenton, Florida.

18. Answering paragraph 18, TROPICANA admits that it introduced a product called Tropicana Pure 100% Juice Pomegranate Blueberry Flavored Blend of 5 Juices from Concentrate with other Natural Flavors as part of its "Tropicana Pure 100% Juice" product line.  TROPICANA admits that the image displayed after paragraph 18 appears to be a photograph of the front of a bottle of one of the Tropicana Pure 100% Juice Flavors, but the picture is such poor quality that Tropicana cannot tell whether it is a picture of its Pomegranate Blueberry Flavored Blend of 5 Juices product.  Except as

2

1  expressly admitted, TROPICANA denies each and every allegation contained in
2  paragraph 18.
3       19.   Answering the first sentence of paragraph 19, TROPICANA lacks
4  information sufficient to form a belief as to the allegation that the blueberry has become a
5  staple for health conscious consumers, and on that basis denies each and every allegation
6  contained therein.  TROPICANA denies each and every allegation in the second sentence
7  of paragraph 19.  Answering the third sentence of paragraph 19, TROPICANA admits
8  that the actual recipe of Tropicana Pure 100% Juice Pomegranate Blueberry Flavored
9  Blend of 5 Juices from Concentrate with other Natural Flavors has changed from time to
10 time, but at any given time the ingredients in the bottle are as listed on the ingredient
11 declaration.  The product has always contained pomegranate juice.  Except as expressly
12 admitted, TROPICANA denies each and every allegation contained in paragraph 19.
13      20.   Answering the first sentence of paragraph 20, TROPICANA admits that
14 pomegranate and blueberry are, as listed in the ingredients panel, the second and fifth
15 juices by volume in the product (as reconstituted to their proper Brix levels by adding
16 filtered water), based upon the recipe used in bottle depicted in Exhibit A.
17 TROPICANA denies each and every allegation in the second sentence of paragraph 20.
18 TROPICANA again denies that the name of its product is "Pomegranate Blueberry."
19 TROPICANA admits that the pages attached to the Complaint as "Exhibit A" appear to
20 be images of the front and back of a bottle of TROPICANA's Pomegranate Blueberry
21 Flavored Blend of 5 Juices product as it has appeared from time to time.  Except as
22 expressly admitted, TROPICANA denies each and every allegation in paragraph 20.
23      21.   Answering the first sentence of paragraph 21, TROPICANA admits that
24 there are elements of the label of its Pomegranate Blueberry Flavored Blend of 5 Juices
25 product that fully comply with federal and state law and that are permitted, but not
26 required, by law to be present on the label.  Tropicana denies that any aspect of its label
27 was intended to deceive or confuse consumers that its product was exclusively or
28 primarily pomegranate juice, and Tropicana's label and ingredient declaration both

3

disclose that the product is a pomegranate and blueberry flavored blend of juices. Answering the third sentence of paragraph 21, TROPICANA denies that "it would have been in compliance with FDA regulations and not misleading if it had named the product 'Pear Juice Flavored With Four Other Juices'" and asserts that Plaintiff's suggested product name would itself violate FDA regulations in a manner that the current product name does not. Except as expressly admitted, TROPICANA denies each and every allegation in paragraph 21.

22.   Answering the first sentence of paragraph 22, TROPICANA lacks information sufficient to form a belief as to what evidence, if any, will be adduced by Plaintiff. TROPICANA denies each and every allegation in paragraph 22.

23.   TROPICANA denies that in asserting its claims, Plaintiff "does not challenge the product's formal name and labeling in areas which are regulated by the Food and Drug Administration. TROPICANA denies each and every allegation in paragraph 23.

24.   Answering the first sentence of paragraph 24, TROPICANA admits that it maintains a website at http://www.tropicana.com. TROPICANA admits that "Exhibit B" to the Complaint appears to be a copy of a screenshot of a portion of TROPICANA's website as it existed on some unspecified date. TROPICANA denies that "Exhibit B" reflects all of the information available to consumers on that web page. Except as expressly admitted, TROPICANA denies each and every allegation in paragraph 24.

25.   TROPICANA denies each and every allegation in paragraph 25. TROPICANA denies that "Exhibit B" to the Complaint reflects all of the information available to consumers on that web page, which includes the nutrition and ingredient labeling information not captured by Plaintiff's selective screen shot.

26.   TROPICANA denies each and every allegation in paragraph 26.

27.   TROPICANA denies each and every allegation in paragraph 27.

28.   TROPICANA denies each and every allegation in paragraph 28.

29.   TROPICANA denies each and every allegation in paragraph 29.

| | |
|---|---|
| 1 | 30. TROPICANA denies each and every allegation in paragraph 30. |
| 2 | 31. TROPICANA denies each and every allegation in paragraph 31. |
| 3 | 32. Answering paragraph 32, TROPICANA repeats its responses to |
| 4 | paragraphs 1 through 31 as though set forth here in full. |
| 5 | 33. TROPICANA denies each and every allegation in paragraph 33. |
| 6 | 34. TROPICANA denies each and every allegation in paragraph 34. |
| 7 | 35. TROPICANA denies each and every allegation in paragraph 35. |
| 8 | 36. TROPICANA denies each and every allegation in paragraph 36. |
| 9 | 37. TROPICANA denies each and every allegation in paragraph 37. |
| 10 | 38. TROPICANA denies each and every allegation in paragraph 38. |
| 11 | 39. TROPICANA denies each and every allegation in paragraph 39. |
| 12 | 40. TROPICANA denies each and every allegation in paragraph 40. |
| 13 | 41. TROPICANA denies each and every allegation in paragraph 41. |
| 14 | 42. TROPICANA denies each and every allegation in paragraph 42. |
| 15 | 43. Answering paragraph 43, TROPICANA repeats its responses to |
| 16 | paragraphs 1 through 42 as though set forth here in full. |
| 17 | 44. TROPICANA denies each and every allegation in paragraph 44. |
| 18 | 45. TROPICANA denies each and every allegation in paragraph 45. |
| 19 | 46. TROPICANA denies each and every allegation in paragraph 46. |
| 20 | 47. TROPICANA denies each and every allegation in paragraph 47. |
| 21 | 48. TROPICANA denies each and every allegation in paragraph 48. |
| 22 | 49. TROPICANA denies each and every allegation in paragraph 49. |
| 23 | 50. TROPICANA denies each and every allegation in paragraph 50. |
| 24 | 51. TROPICANA denies each and every allegation in paragraph 51. |
| 25 | 52. TROPICANA denies each and every allegation in paragraph 52. |
| 26 | 53. TROPICANA denies each and every allegation in paragraph 53. |
| 27 | 54. TROPICANA denies each and every allegation in paragraph 54. |
| 28 | 55. TROPICANA denies each and every allegation in paragraph 55. |

LA 128,506,519 v1 122778.010100

56. TROPICANA denies each and every allegation in paragraph 56.

57. TROPICANA denies each and every allegation in paragraph 57.

58. TROPICANA denies each and every allegation in paragraph 58.

59. TROPICANA denies each and every allegation in paragraph 59.

60. TROPICANA denies each and every allegation in paragraph 60.

61. TROPICANA denies each and every allegation in paragraph 61.

## AFFIRMATIVE DEFENSES

TROPICANA sets forth below its affirmative defenses. By setting forth these affirmative defenses, TROPICANA does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Cause Of Action)

Each cause of action in the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Equitable Defenses)

Plaintiff's claims against TROPICANA are barred, in whole or in part, by the doctrines of laches, unclean hands and waiver. In particular, POM's claims are barred by the doctrine of unclean hands in the following respects:

(i) any claim based upon Tropicana's bottle or label is barred because POM's own bottles are false and misleading in failing to list water as an ingredient, thereby falsely stating, or reasonably leading consumers to believe, that POM's products are not reconstituted with water. This omission leads consumers to believe that water is not a primary ingredient in POM's products, when, in fact, it is. In addition, certain of POM's products have contained juices not named in the product name. If and to the extent

6

Tropicana could be liable to POM on this theory, POM's claim is barred because it engaged in exactly the same conduct;

(ii) any claim based upon Tropicana's advertising is barred because POM's own advertising, including purported depictions of POM's bottle, eradicates the disclaimer that POM's juice is made "from concentrate," thereby misrepresenting what is inside the bottle and leading consumers to believe that water is not a "primary ingredient" in POM's products, when, in fact, it is;

(iii) any claims based upon Tropicana's website are barred because of the false and misleading content on websites maintained by POM, not the least of which was a grossly deceptive video presentation styled "Tree to Bottle," which directly or impliedly represented that POM's product was fresh squeezed into packaging available for consumer purchases. This representation was false, because POM's products are made from concentrate, and, therefore, contain water as a "primary ingredient"; and

(iv) to the extent POM bases any claim against Tropicana on the theory that Tropicana's ads contain health claims that are not sufficiently validated, POM claims are barred by unclear hands, because POM itself has run advertisements found by the National Advertising Division to require substantiation which, on information and belief, POM has been unable or unwilling to provide. Tropicana is confident discovery will produce additional examples of POM's unclean hands and, if appropriate Tropicana will amend further to plead evidence to substantiate this defense.

## THIRD AFFIRMATIVE DEFENSE
(First Amendment Rights)

The Complaint, and each cause of action therein, is bared to the extent that the conduct complained of is protected by the free speech provisions of the Constitution of the State of California and the Constitution of the United States of America.

///
///
///

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Each cause of action is bared, in whole or in part, because TROPICANA acted in good faith at all times.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

Plaintiff's claims based on alleged willful misrepresentations are bared because the representations and actions alleged were not intended to mislead or deceive consumers.

## SIXTH AFFIRMATIVE DEFENSE

### (Puffing)

Plaintiff's claims for false advertising are bared because the alleged deceptive statements were such that no reasonable person could have reasonably relied upon or misunderstood TROPICANA's statements as claims of fact.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality Of Monetary Relief)

An award of monetary relief, other than restitution, to Claimant under California Business & Professions Code Sections 17200 and 17500, including but not limited to penalties of any type, would violate the due process provisions of the Constitution of the State of California and the Constitution of the United States of America.

## EIGHTH AFFIRMATIVE DEFENSE

### (Causation Is Lacking)

Each cause of action is barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission on TROPICANA's part.

///
///
///
///

LA 128,506,519 v1 122778.010100

## NINTH AFFIRMATIVE DEFENSE

(Materiality Is Lacking)

Each cause of action is barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any material act or omission on TROPICANA's part.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Reliance)

Plaintiff's claims are barred, in whole or in part, because of the lack of reliance by consumers on the alleged misrepresentations by TROPICANA identified in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Awareness)

Plaintiffs' claims are barred, in whole or in part, because consumers lacked awareness of the alleged misrepresentations by TROPICANA described in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

(Conduct Not Unlawful)

The business practices relating to the allegations in the Claim are not unlawful.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Conduct Not Fraudulent Nor Likely To Deceive)

TROPICANA's conduct is not fraudulent and was not likely to mislead or deceive consumers and/or the public.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Materiality)

Plaintiff's claims based on alleged misrepresentations are barred because the representations alleged by Plaintiff were not material in that, in light of information commonly known to consumers, they were not likely to affect their purchasing decisions.

TROPICANA's representations and actions alleged in the Complaint were not likely to mislead consumers acting reasonably under the circumstances.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Lack of Standing)

Plaintiff lacks either standing and/or capacity to bring some or all of the claims alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Negligence and Misconduct of Others)

If there was any negligence or other misconduct proximately causing the damages allegedly sustained by Plaintiff, such negligence or misconduct was that of parties other than TROPICANA, and recovery should be barred or eliminated to that extent.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Adequate Remedy at Law)

Plaintiff's claims for equitable relief are barred to the extent there is an adequate remedy at law.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(No Right to Injunctive Relief)

To the extent the Complaint seeks injunctive relief, Plaintiff is not entitled to such relief because the hardship that would be imposed on TROPICANA by any such relief would be greatly disproportionate to any hardship that Plaintiff might suffer in its absence. Further, any injunctive relief that would require regulation by the Court on an ongoing basis is inappropriate, and TROPICANA's advertising and marketing activities are already monitored by various federal and state agencies.

### NINETEENTH AFFIRMATIVE DEFENSE
(No Right to Punitive or Exemplary Damages)

Plaintiff is not entitled to punitive or exemplary damages on any cause of action alleged in the Complaint. Any award of punitive or exemplary damages would violate

the due process and/or equal protection clauses of the Constitution of the State of California and the Constitution of the United States of America.

### TWENTIETH AFFIRMATIVE DEFENSE

(No Attorneys' Fees)

Plaintiff's request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Plaintiff's claims are barred to the extent Plaintiff would be unjustly enriched if allowed to recover any monies claimed to be due in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Damages Caused By Other Causes)

To the extent that Plaintiff suffered any damages, such damages were proximately caused by persons, entities, and/or factors or events other than TROPICANA and for which TROPICANA was and is not responsible.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Without admitting any wrongful conduct on the part of TROPICANA, and without admitting that Plaintiff has suffered any loss, damage or injury, recovery for any such loss, damage, or injury is barred, in whole or in part, because Plaintiff failed to mitigate such loss, damage, or injury.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Lack of Damage)

Plaintiff has not suffered any damage as a result of any actions allegedly taken by TROPICANA, and are thus barred from asserting any claim against TROPICANA.

///

///

///

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Justification/Excuse)

TROPICANA's alleged actions, at all relevant times and places, were necessary to the competitive operation of its business, and Plaintiff's alleged injury, if any, is outweighed by the benefit to the public of TROPICANA's actions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's claims are barred by the applicable statutes of limitations.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Set-off)

TROPICANA alleges that, even if Plaintiff's claims are meritorious, which TROPICANA denies, those claims are subject to setoff and recoupment

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Federal Preemption)

Plaintiff's claims are expressly and impliedly preempted by federal law, including but not limited to, the Food, Drug and Cosmetic Act.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Compliance with Laws)

Plaintiff's claims are barred because the conduct alleged in the Complaint complies with applicable laws, including but not limited to Food and Drug Administration regulations and the Food, Drug, and Cosmetic Act.

## THIRTIETH AFFIRMATIVE DEFENSE

(Uncertain/ Unmanageable Damages)

Plaintiffs' requested monetary relief is too speculative and/or remote and/or impossible to prove and/or allocate.

///

///

///

LA 128,506,519 v1 122778.010100

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Reservation)

Further responding, TROPICANA states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. TROPICANA reserves the right to assert additional affirmative' defenses in the event that discovery indicates it would be appropriate.

## PRAYER

WHEREFORE, TROPICANA prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;

2. That the Complaint be dismissed with prejudice and judgment entered in favor of TROPICANA;

3. That TROPICANA be awarded its costs, disbursements and attorneys' fees in this action; and

4. For such other and further relief as this Court deems just and proper.

DATED: November 4, 2009             GREENBERG TRAURIG, LLP


By_____// S //_____
Rick L. Shackelford
Attorneys for Defendant
TROPICANA PRODUCTS, INC.

13

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Defendant demands a trial by jury of all triable issues and affirmative defenses herein.

DATED:  November 4, 2009         GREENBERG TRAURIG, LLP

                                  By _____// S //_____
                                      Rick L. Shackelford
                                      Attorneys for Defendant
                                      TROPICANA PRODUCTS, INC.

LA 128,506,519 v1 122778.010100