UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 09-00566 DSF (CTx)      **DATE:** November 1, 2010

**TITLE:** Pom Wonderful LLC v. Tropicana Products, Inc.

==================================================================
**PRESENT:** THE HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT JUDGE

Debra Plato                              Not Present
Courtroom Clerk                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                              Not Present

==================================================================
**PROCEEDINGS (in chambers):** ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE NO. 1; ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 2; ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE NO. 3; ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 4; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE NO. 5; ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 6; ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 7; ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 1; ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 2; AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 3.

I.   BACKGROUND

Plaintiff Pom Wonderful LLC ("Plaintiff" or "Pom") alleges that Defendant Tropicana Products, Inc. ("Defendant" or "Tropicana") engaged in false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Pom filed the following Motions in Limine:

(1) Motion in Limine No. 1 to Exclude All Testimony of Defendant's Expert Witness Jeffrey Blumberg, PhD. Regarding Pom's Advertising;
(2) Motion in Limine No. 2 to Preclude Evidence of Pom's Conduct that Purportedly Constitutes Unclean Hands or, In the Alternative, to Bifurcate the Trial so the Unclean Hands Defense Is Tried to the Court, Not the Jury;
(3) Motion in Limine No. 3 to Exclude Evidence Regarding FDA Compliance Including Expert Testimony of Michael J. O'Flaherty;
(4) Motion in Limine No. 4 to Preclude Any Reference to Evidence or Testimony Regarding Any Governmental Inquiries and Quasi-Governmental Opinions;
(5) Motion in Limine No. 5 to Exclude Any Argument, Reference to, Testimony, or Evidence Regarding Lawsuits Involving Pom Wonderful, LLC;
(6) Motion in Limine No. 6 to Preclude any Reference to, Evidence, or Testimony Regarding the FDA's Warning Letter to Pom Wonderful, LLC; and
(7) Motion in Limine No. 7 to Preclude any Reference to, Argument, Evidence, or Testimony Regarding Pom Wonderful LLC's Advertising and/or Health Claims.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 09-00566 DSF (CTx)          **DATE:** November 1, 2010

Tropicana filed the following Motions in Limine:

(1) Motion in Limine No. 1 to Exclude All Argument and Evidence Regarding Other Tropicana Products Not at Issue in This Case;
(2) Motion in Limine No. 2 to Exclude All Argument and Evidence Regarding Tropicana's Internal Q & A Documents; and
(3) Motion in Limine No. 3 to Exclude All Argument and Evidence Regarding the Source of Tropicana's Pomegranate Concentrate and/or Ingredients.

II. DISCUSSION

A. Pom's Motion in Limine No. 1 to Exclude All Testimony of Tropicana's Expert Witness Jeffrey Blumberg, PhD. Regarding Pom's Advertising

Tropicana intends to have Dr. Jeffrey Blumberg, an expert on nutritional research, testify that there is no scientific basis for the overarching health claims made by Pom in its advertising. Tropicana contends that "most of the studies were small, inconclusive, and were funded by Pom and related persons or entities." (Def.'s Opp'n to Pl.'s MIL # 1.) Tropicana also seeks to have Dr. Blumberg testify that Pom's products do not provide any other scientifically validated health benefits that are unique to pomegranate juice.

Pom has put at issue the supposed health benefits of pomegranate juice. (First Am. Compl. ¶¶ 14-16.) As Tropicana explains: "Pom's damage theory is built upon the notion that consumers buy Pom for its health benefits, and that Pom has lost sales to Tropicana because consumers believed it was just as healthy." (Def.'s Opp'n to Pl.'s MIL #1.) Dr. Blumberg's opinions, therefore, bear directly on the science of those alleged health benefits.

Pom, however, seeks to preclude testimony and opinions from Dr. Blumberg, regarding its advertising, marketing, or consumer perception, as discussed in Dr. Blumberg's expert report.[1] Pom alleges that Dr. Blumberg is a scientist, not an advertising expert and so he is not qualified to opine on such matters. To that end, Pom contends that the standard Dr. Blumberg relies on is incorrect because the FDA regulates food labeling, not advertising. Pom also alleges that Dr. Blumberg's reliance on statements and opinions regarding its advertising by groups such as the National Advertising Division ("NAD"), the Advertising Standards Authority of the United Kingdom ("ASA"), and the FDA is inadmissable.

---

[1] Plaintiff explains that it does not challenge Blumberg on his qualifications to opine on the science behind pomegranates. (Pl.'s Reply 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  CV 09-00566 DSF (CTx)                    DATE: November 1, 2010

    The Court concludes that Dr. Blumberg may testify regarding his expertise and opinions on the scientific basis for specific representations and advertisements made by Pom.  To the extent that Dr. Blumberg's opinions on the scientific basis for any representations or advertisements made by Pom are based on a standard applied by the FDA, the jury will be provided a limiting instruction ( to be proposed by Pom) that the FDA does not regulate advertising standards, as opposed to labeling standards.  Dr. Blumberg is not permitted to testify to the effect that he agrees with or relies on the opinions of the NAD and ASA, as they represent non-binding agency opinions and statements.  Similarly, Dr. Blumberg is not permitted to testify or give any opinion regarding the FDA Warning Letter issued to Pom in February 2010, unless the Warning Letter is first admitted into evidence independently and before Dr. Blumberg testifies.

    Pom's Motion in Limine No. 1 is **GRANTED IN PART** and **DENIED IN PART**.

    B.    <u>Pom's Motion in Limine No. 2 to Preclude Evidence of Pom's Conduct that Purportedly Constitutes Unclean Hands or, In the Alternative, to Bifurcate the Trial so the Unclean Hands Defense Is Tried to the Court, Not the Jury</u>

    Pom seeks to preclude Tropicana from asserting the affirmative defense of unclean hands. Tropicana seeks to introduce evidence that: (1) Pom failed to disclose the existence of elderberry juice in its 100% pomegranate juice product; (2) Pom failed to disclose the existence of water in its juices; (3) Pom failed to identify the presence of other juices in its named juices; (4) Pom omitted the words "from concentrate" from its print and billboard advertising and made those words difficult to read on its product's bottles; and (5) Pom's "Tree to Bottle" video fails to disclose that Pom's products are made from concentrate.  If this evidence is heard, Pom seeks to have the trial bifurcated so that the unclean hands defense is tried to the Court, not the jury.

    To assert the affirmative defense of unclean hands, the following elements must be satisfied: (1) the plaintiff engaged in inequitable conduct; and (2) the plaintiff's conduct directly relates to the claim that it has asserted against the defendant.  *See Levi Strauss & Co. v. Shiloh*, 121 F.3d 1309, 1313 (9th Cir. 1987).  On September 7, 2010, the Court denied Defendant's Motion for Summary Judgment as to the affirmative defense of unclean hands because "there are disputed factual issues relevant both to the similarity of Plaintiff's alleged conduct to Defendant's alleged conduct and to the actual inequity – i.e., 'uncleanliness'– of Plaintiff's conduct."  (*See* Order of Sept. 7, 2010.)  The Court reiterates that because factual issues remain, Tropicana shall have the opportunity to pursue its unclean hands affirmative defense, consistent with the September 7, 2010 Order.

    Pom's reliance on Judge A. Howard Matz's determination as to the affirmative defense of unclean hands in *Pom Wonderful LLC v. Welch Foods, Inc.*, CV 09-00567 AHM (FFMx) is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  **CV 09-00566 DSF (CTx)**                    DATE: **November 1, 2010**

misplaced.  The Court interprets the affirmative defense of unclean hands more broadly than Judge Matz did in that case.  Specifically, the Court construes Tropicana's defense against Pom as analogous or "relat[ing] to the subject matter of [Pom's]" claim against Tropicana, namely that Tropicana's naming and labeling of its juice misled consumers.  *Levi Strauss & Co.*, 121 F.3d at 1313.  Thus, to the extent that Tropicana seeks to introduce evidence alleging that Pom's naming and labeling has misled consumers, it will be admitted.

The Court declines to bifurcate the case.  Although Tropicana's unclean hands affirmative defense will be presented to the Court, the Court will request an advisory opinion from the jury, if the jury first finds that Tropicana violated the Lanham Act.  The jury will consider whether any alleged conduct by Pom directly relates to the conduct alleged against Tropicana that the jury has found to be substantiated.

Pom's Motion in Limine Number 2 is **DENIED**.

C. Pom's Motion in Limine No. 3 to Exclude Evidence Regarding FDA Compliance Including Expert Testimony of Michael J. O'Flaherty

Pom seeks to preclude Tropicana from presenting evidence or argument regarding the legal issue of whether the labels for Tropicana's and Pom's respective pomegranate juice products comply with regulations issued by the FDA, including any evidence or opinion that Tropicana intends to offer through its designated expert witness, Michael J. O'Flaherty ("O'Flaherty").

As the Court previously concluded, "Plaintiff's claim is not dependent on whether Tropicana's label comports with the FDCA or with FDA regulations."  (*See* Order of Sept. 7, 2010.)  Compliance with FDA regulations neither disproves nor proves any element of Pom's Lanham Act claim.  Thus, Tropicana is precluded from presenting evidence indicating that compliance with certain FDA regulations necessarily means that it did not violate the Lanham Act.  To that end, the Court will instruct the jury that FDA compliance is not sufficient to avoid liability under the Lanham Act.[2]  Pom should propose an instruction.

Pom also contends that the opinion testimony or evidence of O'Flaherty presents inadmissable legal conclusions: (1) that Tropicana's juice label complied with various FDA regulations and so is evidence of a good faith effort not to mislead consumers; and that

---

[2] In the sister case *Pom Wonderful LLC v. Welch Foods, Inc.*, CV 09-00567 AHM (FFMx), Judge Matz held that FDA background should be presented to the jury by a neutral stipulation.  The Court recommends the same be done here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority \_\_\_\_\_
Send \_\_\_\_\_
Enter \_\_\_\_\_
Closed \_\_\_\_\_
JS-5/JS-6 \_\_\_\_\_
Scan Only \_\_\_\_\_

CASE NO.:  **CV 09-00566 DSF (CTx)**          DATE: **November 1, 2010**

(2) Pom's juice labels do not comply with various FDA regulations.³  In response, Tropicana states that O'Flaherty's testimony is directly relevant to its affirmative defense of unclean hands.  However, because the Court has already concluded that FDA compliance is no defense to Pom's Lanham Act claim and the cases cited by Tropicana suggest that compliance is such a defense, the Court will not permit evidence or testimony that Tropicana's "good faith" compliance with FDA regulations is a defense.  Similarly, evidence that Pom did not comply with FDA regulations does not indicate that Pom's naming and labeling are misleading.  O'Flaherty may not testify that compliance or non-compliance with the relevant FDA regulations necessarily indicates that Tropicana or Pom misled or did not mislead consumers.

   Pom's Motion in Limine Number 3 is **GRANTED IN PART AND DENIED IN PART.**

   D.   <u>Pom's Motion in Limine No. 4 to Preclude Any Reference to Evidence or Testimony Regarding Any Governmental Inquiries and Quasi-Governmental Opinions</u>

   Pom seeks to preclude argument and testimony of: (1) governmental inquiries seeking disclosure of information from Pom; and (2) quasi-governmental opinions regarding Pom's juice products and advertisements.  Regarding reference to governmental agency evidence, Pom does not specify which agency reports or information it seeks to exclude.  As to quasi-governmental agencies, Pom seeks to exclude two reports from the NAD, an advertising industry self-regulatory association, and one report from the ASA, a British agency that arrived at a similar conclusion regarding one of Pom's marketing campaigns in the United Kingdom.

   Because it is not entirely clear what governmental agency reports or information Pom seeks to exclude, the Court denies this portion of the motion without prejudice.⁴  Regarding quasi-governmental agencies like the NAD and ASA, which provide only informal and non-binding reports and opinions, and whose review process is not subject to any evidentiary or procedural safeguards, the Court holds that such reports and opinions are inadmissable.

---

³ Pom states: "The O'Flaherty Pom Report opines that the labels for Pom's pomegranate juice products do not comply with various FDA regulations because its ingredient panel does not list 'water' as an ingredient, instead listing juices made from concentrate."  (Pl.'s MIL # 3, 3.)

⁴ Pom's Reply indicates that it seeks to exclude "evidence regarding any governmental inquiries regarding Pom, including those by the FDA and FTC."  (Pl.'s MIL #3 Reply, 1.)  The Court addresses the FDA Warning Letter sent to Pom in its discussion of Pom's Motion in Limine Number 6 and 7.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority  \_\_\_\_\_
Send  \_\_\_\_\_
Enter  \_\_\_\_\_
Closed  \_\_\_\_\_
JS-5/JS-6  \_\_\_\_\_
Scan Only  \_\_\_\_\_

CASE NO.: <u>CV 09-00566 DSF (CTx)</u>        DATE: <u>November 1, 2010</u>

Pom's Motion in Limine Number 4 is **GRANTED IN PART AND DENIED IN PART**.

E.   <u>Pom's Motion in Limine No. 5 to Exclude Any Argument, Reference to, Testimony, or Evidence Regarding Lawsuits Involving Pom Wonderful, LLC</u>

Plaintiff seeks to exclude all reference to and evidence regarding other lawsuits brought by or against Pom. The Court agrees that the mere existence of the other lawsuits is not relevant to any issue in this case. However, there is no reason to exclude evidence adduced in other cases if that evidence is also relevant to an issue in this case. For example, certain admissions made by Pom in other cases could be relevant in this case. Admission of such allegedly relevant evidence will be decided on an individual basis during the trial.

Pom's Motion in Limine No. 5 is **GRANTED IN PART** and **DENIED IN PART**.

F.   <u>Pom's Motion in Limine No. 6 to Preclude any Reference to, Evidence, or Testimony Regarding the FDA's Warning Letter to Pom Wonderful, LLC</u>

Pom's Motion in Limine No. 6 is **GRANTED** because the FDA letter is merely an allegation of wrongdoing, not a formal finding by the agency. FDA allegations have minimal relevance – as they have not been proven – and are likely to cause Pom unfair prejudice. The relevant issue is whether Pom has mislabeled its juice or made misleading health claims, not whether the FDA – absent a formal agency decision – may believe so.

G.   <u>Pom's Motion in Limine No. 7 to Preclude any Reference to, Argument, Evidence, or Testimony Regarding Pom Wonderful LLC's Advertising and/or Health Claims</u>

Pom seeks to exclude reference to its advertising strategies and health claims. Despite the pervasive allegations in the complaint and the course of litigation so far, Pom claims that it will not rely on its advertising and marketing practices to establish that it was harmed by any of Tropicana's practices. Tropicana argues that it is unfairly prejudiced by Pom's late change in strategy and should be able to introduce evidence of Pom's advertising and marketing strategies regardless of what Pom intends to present at trial. Tropicana is also skeptical that Pom can establish any loss causation or damages without reference to Pom's advertising and marketing strategies.

In order to prove that it has been damaged in any way by Tropicana's alleged conduct, Pom will presumably have to establish that – absent Tropicana's misconduct – consumers would have bought its product instead of Tropicana's. Pom presumably intends to do so by showing that consumers are interested in a juice with high pomegranate content for health reasons, and that Pom's juice has high pomegranate content. This proof requires Pom to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 09-00566 DSF (CTx)          DATE: November 1, 2010

establish some connection in the minds of consumers between Pom's product and health. Therefore, Pom's claims about the connection between pomegranates and health and the validity of those claims are relevant to undermine Pom's claim that it has been harmed.

Pom's Motion in Limine No. 7 is **DENIED**.

H.  Tropicana's Motion in Limine No. 1 to Exclude All Argument and Evidence Regarding Other Tropicana Products Not at Issue in This Case

Tropicana seeks to exclude all argument and evidence regarding other Tropicana products.  Tropicana states: "the product at issue is the Tropicana Pure 100% Juice Pomegranate Blueberry Flavored Blend of Five Juices with Added Natural Flavors and Ingredients [the "Juice"] . . . . [which] was developed as part of a line of four flavored blends in the Tropicana Pure 100% Juice line of juices.  As such, evidence regarding [the Juice] or the full line of products is properly the subject of this case." (Def.'s MIL #1.)  However, Tropicana objects to argument or evidence regarding its Trop50 Pomegranate Blueberry Flavored Juice Beverage ("Trop50PB").

Tropicana maintains that the Juice was only marketed to consumers who desire "pomegranate flavor."  Pom, however, contends that the Juice was intended to target the "lucrative market for genuine pomegranate juice drinkers . . . and [Tropicana] has never stopped targeting that market." (Pl.'s Opp'n to Def.'s MIL #1.)  Pom alleges that Trop50PB shows this, insofar as Tropicana continues to intentionally target the pomegranate juice drinkers, and that Pom should be permitted to "show that Tropicana has intentionally sought to capitalize on the demand for pomegranate juice, not simply pomegranate flavor." (Pl.'s Opp'n to Def.'s MIL #1.)  To that end, Pom argues that it should be permitted to show "Tropicana's overall marketing strategy in targeting pomegranate juice drinkers, and its desire to take advantage of and exploit the desire for genuine pomegranate juice."  *Id*.

As Tropicana explains, Trop50PB is not relevant to the issues here and any evidence or argument relating to it would unduly confuse the jury.  The Juice was discontinued in 2009 along with the other Pure juices, prior to Trop50PB's launch.  Trop50PB is also part of a different line of drinks called "Tropicana Light N' Healthy," and has little to no relation to the Juice or the Pure line of juices.  Evidence or argument relating to Trop50PB does not make any fact at issue more or less likely.

Tropicana's Motion in Limine No. 1 is **GRANTED**.

I.  Tropicana's Motion in Limine No. 2 to Exclude All Argument and Evidence Regarding Tropicana's Internal Q & A Documents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  **CV 09-00566 DSF (CTx)**             DATE: **November 1, 2010**

Tropicana seeks to exclude any reference to internal Tropicana documents containing proposed questions and answers for use in possible future media communications.  Tropicana first contends that evidence at trial should be limited to any purported communications between itself and consumers.  Thus, because Pom cannot show that the content of any document was ever communicated to consumers, Tropicana alleges that it is irrelevant.  Tropicana similarly contends that "it would be improper to permit irrelevant evidence of draft responses that were created by Tropicana's public relations department to potentially address issues that were never raised and which were never shared with the public because such evidence would confuse the jury and unfairly prejudice it."  (Def.'s MIL #2.)

However, as Pom explains in its Opposition: "Q & A documents are critical of [Tropicana's] position."  (Pl.'s Opp'n to Def.'s MIL #2.)  "Even if the two Q & A documents were purely internal documents, . . . they would still be highly relevant because they disclose Tropicana's intent and knowledge about consumer reaction to the advertising of its [Juice]."  *Id*.  Because there is no dispute as to the authenticity of the documents at issue and they arguably show Tropicana's intent or knowledge, Plaintiff is entitled to include evidence and argument relating to internal Q & A documents, assuming a foundation is established.  The concerns Tropicana raises in its Motion may be addressed in cross-examination.  As noted at the hearing, questions or portions of the Q & A will be considered separately, and the ruling may differ depending on the topic.

Tropicana's Motion in Limine No. 2 is **DENIED**.

J.   <u>Tropicana's Motion in Limine No. 3 to Exclude All Argument and Evidence Regarding the Source of Tropicana's Pomegranate Concentrate and/or Ingredients</u>

Tropicana seeks to exclude any reference to the source of the pomegranate juice concentrate it used in its Juice.  Tropicana contends that Magistrate Judge Turchin "has already ruled that such information is irrelevant . . . . and [any such information] would confuse and prejudice the jury against Tropicana on a matter not in dispute."  (Def.'s MIL #3, 1.)  Tropicana further claims that information relating to how it sources its ingredients is confidential.  "Any relevance – and in [Tropicana's] view there is none – would not outweigh the risk of disclosure of the proprietary information."  (Def.'s MIL #3, 3.)

Pom, however, contends that Tropicana's sourcing is relevant because "[Tropicana] has deceived and misled the public about the country of origin for its pomegranate juice."  (Pl.'s Opp'n to Def.'s MIL #3, 1.)  Specifically, Pom states that although Tropicana allegedly told the media and inquiring consumers that its pomegranate juice concentrate was from "Sunny California," Tropicana's own documents "demonstrate that for most of the time the [Juice] was sold, the countries of origin of the pomegranate juice concentrate used in the product were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** CV 09-00566 DSF (CTx)          **DATE:** November 1, 2010

Turkey, Iran, and China." *Id.*  Therefore, Pom states that the sourcing information with respect to the country of origin is highly probative of Tropicana's deception to the public.  Pom further asserts that Tropicana's concern about the confidential nature of this information is unfounded because it is not confidential information and "there are several methods by which the Court may adequately protect any confidential and proprietary information disclosed at trial."  *Id.*

     In response, Tropicana states that "[it] never communicated anything regarding the source of its ingredients to consumers." (Def.'s Reply to MIL #3, 1, 6.)  Tropicana also argues that the documents on which Pom's contention rests do not even show that Tropicana used pomegranate juice concentrate from Turkey, Iran, or China.  Rather, Tropicana states that said documents are "promotional information from foreign sellers of pomegranate juice concentrate letting Tropicana know about supplies they were willing to sell."  *Id.*  Finally, Tropicana objects to Pom's claim that information regarding its sourcing is not confidential.

     Because it appears at this stage that information regarding Tropicana's sourcing was not disclosed to the public, even if Tropicana used pomegranate juice concentrate from Turkey, Iran, or China, the public was not misled.  If the public was not misled by any such statements, this information is irrelevant.

     Tropicana's Motion in Limine No. 3 is **GRANTED**.

     IT IS SO ORDERED.